UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR 13-0497 TEH |
| ) | |
| v. ) | ORDER DETAINING DEFENDANT DYLAN WADE CAUSBIE PENDING TRIAL |
| ) | |
| DYLAN WADE CAUSBIE, ) | |
| Defendant. ) | |

Defendant Dylan Wade Causbie is charged in a five count indictment with conspiracy, in violation of 18 U.S.C. § 371; manufacturing counterfeit currency, in violation of 18 U.S.C. § 471; possessing counterfeit currency, in violation of 18 U.S.C. § 472; possessing electronic images of counterfeit currency, in violation of 18 U.S.C. § 474; felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); and aiding and abetting in violation of Title 18 U.S.C. § 2. The United States moved for Defendant's detention pursuant to 18 U.S.C. § 3142, and asked for a detention hearing, as permitted by 18 U.S.C. § 3142(f). On August 1, 2013, following a hearing pursuant to 18 U.S.C. § 3142(f), and considering the Pretrial Services report, the indictment filed in this case, and the factors set forth in 18 U.S.C. § 3142(g), the

DETENTION ORDER
No. CR 13-0497 TEH           1

Court ordered defendant detained, as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of defendant as required.  See 18 U.S.C. §§ 3142(e) and (f); United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

After hearing argument from both counsel for Defendant and counsel for the government, the Court granted the government's motion to detain.  Specifically, the Court noted that it was concerned with Defendant's probation violation related to his prior felony conviction for arson.  Shortly after he was placed on probation in Missouri following his 2012 arson conviction, he received an opportunity to attend college in Colorado.  Colorado would not accept supervision of Defendant; accordingly, the Missouri court allowed Defendant to attend college in Colorado unsupervised.  When Defendant dropped out of college and returned to Missouri, however, he failed to notify the court.  Instead, he moved to California where he is alleged to have committed the offenses for which he has been indicted in this District.

Further, after he was arrested by state officials for the conduct at issue here, he was released.  A federal agent contacted Defendant and notified him that a federal arrest warrant was forthcoming.  Defendant told the agent he would voluntarily surrender that afternoon.  He did not.  Instead, he received a hair cut, which drastically changed his appearance, and then spent several days moving around until agents finally located him in a garage.  He also failed to make his state court appearance during the time the federal agents were trying to locate him.  In other words, he attempted to hide from the federal authorities.

The above conduct, coupled with the escalating and serious nature of Defendant's criminal activity, and his lack of any stable employment or residence, and lack of any family or friends in this District, leads the Court to find that the government has shown by a preponderance of the evidence that Defendant not condition or combination of conditions will reasonably assure Defendant's appearance.

**ORDER**

Defendant is ordered detained as no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the appearance of defendant as required.

DETENTION ORDER
No. CR 13-0497 TEH                                2

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. See 18 U.S.C. § 3142(i)(2). Defendant must be afforded a reasonable opportunity to consult privately with counsel. See 18 U.S.C. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver defendant to the United States Marshal for a court appearance. See 18 U.S.C. § 3142(i)(4).

IT IS SO ORDERED.

DATED: August 2, 2013

_____
HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge

DETENTION ORDER
No. CR 13-0497 TEH                         3